UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
JACKSONVILLE DIVISION

ANTHONY QUINTON CRUEL,

      Petitioner,

vs.                                        Case No. 3:20-cv-376-BJD-LLL

SECRETARY, FLORIDA DEPARTMENT
OF CORRECTIONS, et al.,

      Respondents.

_____

**ORDER**

## I.   INTRODUCTION

Petitioner Anthony Quinton Cruel, an inmate of the Florida penal system, filed a pro se Petition Under 28 U.S.C. § 2254 for Writ of Habeas Corpus by a Person in State Custody (Petition) (Doc. 1) pursuant to the mailbox rule on April 8, 2020. [1]   He challenges his state court (Duval County) conviction for possession of a firearm by a convicted felon.   Respondents filed a Response, asserting the federal petition is time-barred and due to be

---

[1] Respondents' incorrectly state that Petitioner filed his Petition on July 29, 2020. See Motion to Dismiss (Response) (Doc. 8 at 3).   That is not the case.

dismissed as untimely.   Petitioner filed a Response to Respondents' Motion to Dismiss (Reply) (Doc. 9).[2]

## II.   TIMELINESS

Respondents assert the Petition is untimely.   Upon review, the Petition was filed beyond the Antiterrorism and Effective Death Penalty Act (AEDPA) one-year statute of limitation.

Of import, under AEDPA,

> (d)(1) A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.   The limitation period shall run from the latest of -
>
> > (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
> >
> > (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
> >
> > (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or

---

[2] Respondents filed Exhibits (Doc. 8), and the Court will refer to the Exhibits as "Ex." Where provided, the page numbers referenced in this opinion are the Bates stamp numbers at the bottom of each page.   Otherwise, the page number on the particular document will be referenced.   The Court will reference the page numbers assigned by the electronic docketing system for the Petition, Response, and Reply.

> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.
>
> (2) The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward any period of limitation under this subsection.

28 U.S.C. § 2244(d).

Thus, pursuant to AEDPA, effective April 24, 1996, Petitioner had one-year to file a timely federal petition pursuant to 28 U.S.C. § 2254.   Guenther v. Holt, 173 F.3d 1328, 1331 (11th Cir. 1999), cert. denied, 528 U.S. 1085 (2000) (same).   Review of the record shows Petitioner failed to comply with the limitation period described above.

After judgment and conviction, Petitioner appealed to the First District Court of Appeal (1st DCA).   On August 31, 2009, the 1st DCA affirmed per curiam.   Ex. N; Cruel v. State, 18 So. 3d 531 (Fla. 1st DCA 2009).   The mandate issued on October 6, 2009.   Ex. N.

The conviction became final on November 29, 2009 (the 90th day after August 31, 2009) (According to rules of the Supreme Court, a petition for certiorari must be filed within 90 days of the appellate court's entry of judgment on the appeal or, if a motion for rehearing is timely filed, within 90 days of the appellate court's denial of that motion.").   Meanwhile, on

3

November 23, 2009, Petitioner filed a Rule 3.800(c) motion.  Ex. P.  On November 30, 2009, the court denied the motion.  Ex. Q.  Although not entitled to take an appeal, the court informed Petitioner he had thirty days to take an appeal.  Id.  Petitioner did not take an appeal.  The Court will consider the one-year limitation period tolled until the thirty-day period expired on Wednesday, December 30, 2009.[3]   The limitation period began to run the following day, Thursday, December 31, 2009, and ran for a period of 292 days, until Petitioner filed a pro se Rule 3.850 motion on October 19, 2010, pursuant to the mailbox rule. Ex. R at 1-19.   The circuit court denied post-conviction relief on Tuesday, March 27, 2018.  Id. at 291-496.   The court informed Petitioner and his counsel he had thirty days to appeal.  Id. at 305-306.   Petitioner failed to file an appeal within thirty days, with the time to appeal expiring on Thursday, April 26, 2018.

At this point there were 73 days remaining in the one-year limitation period.  It began to run on Friday, April 27, 2018.  The limitation period ran for 178 days, until Petitioner filed a petition for belated appeal on October 22,

---

[3]  The Court will give Petitioner the benefit of this thirty-day period, although it is a distinction without a difference.  The Court finds Petitioner's federal Petition untimely filed even with consideration of this thirty-day tolling period.

2018.[4]   Thus, the petition for belated appeal was not filed before the limitation

period expired; therefore, it did not retroactively toll the time between the

expiration of the time to appeal the denial of the Rule 3.850 motion and the

permission granted to file an out-of-time post-conviction appeal.   "An out-of-

time motion for appeal, . . . is not actually pending until it is filed, and it does

not 'relate back so as to toll idle periods' of time on the AEDPA clock."

Mashburn v. Comm'r, Ala. Dep't of Corr., 713 F. App'x 832, 837 (11th Cir. 2017)

(quoting Moore v. Crosby, 321 F.3d 1377 (11th Cir. 2003)).

Ultimately, on April 3, 2019, the 1st DCA granted Petitioner's out-of-

time appeal, Ex. O, but the granting of an out-of-time appeal "does not revive

the time during which no state collateral petition was pending before the state

court."   Moore, 321 F.3d at 1380.   See Castillo v. Dixon, No. 20-60797-CIV-

ALTMAN, 2022 WL 2651623, at *4 (S.D. Fla. July 8, 2022) (finding the law not

on petitioner's side based on Moore); Usry v. Dixon, No. 4:21cv291-MW/MAF,

2022 WL 1176757, at *4 (N.D. Fla. Feb. 9, 2022) (finding petition filed after

AEDPA clock stopped could not revive the one-year period), report and

recommendation adopted by 2022 WL 1173349 (N.D. Fla. Apr. 20, 2022).

Indeed, if filed outside the limitations period, the belated appeal motion, even

---

[4] The Court takes judicial notice of 1st DCA Case 1D2018-4473.

if granted, "cannot erase the time period when nothing was pending before the state court."   Williams v. Crist, 230 F. App'x 861, 867 (11th Cir. 2006) (citing Moore, 321 F.3d at 1381).

Petitioner filed his Petition in this Court on April 8, 2020.   As such, the Court finds the Petition is untimely filed.   Apparently anticipating this result, Petitioner contends he is entitled to equitable tolling.   Reply at 2-3.   As Petitioner is subject to the time constraints proscribed by § 2254(d), he has the burden to show he is entitled to equitable tolling.

Petitioner relies on the fact that he was hospitalized from March 24, 2010 to May 3, 2010 "for postop care of submandibular reconstruction due to gunshot wound in 2005 of the neck area."   (Doc. 9-3 at 2).   He also references the fact that access to the institutional law library was temporarily suspended on July 6, 2020 due to COVID-19 restrictions on prison population movement.   (Doc. 9-4).

The limitation period expired prior to 2020; therefore, any COVID restrictions or inconveniences commencing in 2020 are not of great import. Petitioner's hospitalization is another matter.   The Court will consider the forty days Petitioner spent in the hospital in 2010 tolled.   Given the tolling of forty days, there were 113 days remaining in the one-year limitation period rather than 73 days.   The period began to run on Friday, April 27, 2018.

Petitioner had 113 days to timely file allowing for the forty days of hospitalization.   Thus, he should have filed the Petition by Monday, August 20, 2018 since the 113th days fell on Saturday, August 18, 2018.   Petitioner failed to timely file his federal Petition.   As stated above, an out-of-time motion for belated appeal is not pending until filed, and it does not relate back so as to toll idle periods of time.   The petition for belated appeal filed on October 22, 2018 did not serve to toll the limitation period because it had already expired, and the petition did not revive the time during which no state collateral petition was pending before the state court.

Based on the record before the Court, Petitioner has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him.   The record demonstrates Petitioner had ample time to exhaust state remedies and prepare and file a federal petition.   Petitioner has not shown sufficient extraordinary circumstances stood in his way and prevented him from timely filing a petition.   Furthermore, he has not shown he exercised due diligence.   Finally, Petitioner does not assert, nor does he demonstrate that he has new evidence establishing actual innocence.   He does not point to any evidence demonstrating it is more likely than not that no juror, acting reasonably, would have found him guilty beyond a reasonable doubt in light of new evidence.   See McQuiggan v. Perkins, 569 U.S. 383, 394-95 (2013)

(restricting the miscarriage of justice exception to a severely confined category of cases in which new evidence shows it is more likely than not no reasonable juror would have convicted the prisoner).

Petitioner is not excused from complying with the time constraints for filing a federal petition as he has not presented any justifiable reason why the dictates of the one-year limitation period should not be imposed upon him. Although entitled to forty days of equitable tolling due to his hospitalization, the Petition is still untimely filed.   Petitioner does not claim actual innocence and he has made no attempt to make a credible showing of actual innocence by offering new evidence that is directly probative of his innocence, like new exculpatory scientific evidence, trustworthy eyewitness accounts, or critical physical evidence.   See Reply.   Therefore, he has failed to demonstrate he has new evidence establishing actual innocence.

Because Petitioner has not shown an adequate reason why the dictates of the one-year limitation period should not be imposed upon him, he is not excused from complying with the time constraints for filing a federal petition. 28 U.S.C. § 2244(d).   As such, the Court will dismiss the Petition and this case with prejudice as untimely.

Accordingly, it is now

**ORDERED AND ADJUDGED:**

1.     The Petition for Writ of Habeas Corpus (Doc. 1) and the case are

**DISMISSED with prejudice.**

2.     The **Clerk** shall enter judgment dismissing the Petition with

prejudice and dismissing the case with prejudice.

3.     The **Clerk** shall close the case.

4.     If Petitioner appeals the dismissal of the Petition for Writ of

Habeas Corpus (Doc. 1), **the Court denies a certificate of appealability**.[5]

Because this Court has determined that a certificate of appealability is not

warranted, the **Clerk** shall terminate from the pending motions report any

motion to proceed on appeal as a pauper that may be filed in this case.   Such

termination shall serve as a denial of the motion.

---

   [5]  This Court should issue a certificate of appealability only if a petitioner makes "a substantial showing of the denial of a constitutional right."   28 U.S.C. § 2253(c)(2).   To make this substantial showing, Petitioner "must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong," <u>Tennard v. Dretke</u>, 542 U.S. 274, 282 (2004) (quoting <u>Slack v. McDaniel</u>, 529 U.S. 473, 484 (2000)), or that "the issues presented were 'adequate to deserve encouragement to proceed further,'" <u>Miller-El v. Cockrell</u>, 537 U.S. 322, 335-36 (2003) (quoting <u>Barefoot v. Estelle</u>, 463 U.S. 880, 893 n.4 (1983)).   Upon due consideration, this Court will deny a certificate of appealability.

**DONE AND ORDERED** at Jacksonville, Florida, this 24th day of March, 2023.

_____
BRIAN J. DAVIS
United States District Judge

sa 3/21
c:
Anthony Quinton Cruel
Counsel of Record